**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **JOHN AND CINDY SKOGEN,** ( | |
| *Plaintiffs*, ( | |
| ( | |
| **v.** ( | |
| ( | **Case No. 4:19-cv-585** |
| **RFJ AUTO GROUP, INC. EMPLOYEE** ( | |
| **BENEFIT PLAN, RFJ AUTO GROUP,** ( | |
| **INC., GROUP & PENSION** ( | |
| **ADMINISTRATORS, INC., and ELAP** ( | |
| **SERVICES, LLC,** ( | |
| *Defendants*. ( | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, JOHN AND CINDY SKOGEN, Plaintiffs herein ("Plaintiffs"), and, complaining of and against Defendants RFJ AUTO GROUP, INC. EMPLOYEE BENEFIT PLAN, RFJ AUTO GROUP, INC., GROUP & PENSION ADMINISTRATORS, INC., and ELAP SERVICES, LLC (collectively, "Defendants"), make and file this, their *Original Complaint*. Plaintiffs respectfully show the Court as follows:

### PARTIES

1.      Plaintiff JOHN SKOGEN ("Mr. Skogen") is an individual domiciled in Fannin County, Texas, and is a citizen of Texas.

2.      Plaintiff CINDY SKOGEN ("Mrs. Skogen") is an individual domiciled in Fannin County, Texas, and is a citizen of Texas.

3.      Defendant RFJ AUTO GROUP, INC. EMPLOYEE BENEFIT PLAN ("the Plan") is a program of benefits constituting a Self-Funded Employee Welfare Benefit Plan under the Employee Retirement Income Security Act of 1974 (ERISA). The Plan, by its own terms, is a legal entity, upon which service of process may be executed through the Plan Administrator. *See also*

29 U.S.C. § 1132(d). Thus, the Plan can be served with process by causing a copy of this *Original Complaint* and citation of suit to be served upon the Plan Administrator, RFJ AUTO GROUP, INC., 500 NORTH CENTRAL EXPRESSWAY, SUITE 440, PLANO, TEXAS 75074.

4.      Defendant RFJ Auto Group, Inc. ("Defendant RFJ") is a for-profit corporation organized under the laws of Delaware, with its principal office in Rockwall County, Texas. It can be served with process by causing a copy of this *Original Complaint* and citation of suit to be served upon its registered agent for service of process in Texas, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201.

5.      Defendant GROUP & PENSION ADMINISTRATORS, INC. ("Defendant GPA") is a for-profit corporation organized under the laws of Texas, with its principal office in Dallas County, Texas. It can be served with process by causing a copy of this *Original Complaint* and citation of suit to be served upon its registered agent for service of process in Texas, JERRY L. MCPETERS, PARK CENTRAL 8, 12770 MERIT DRIVE, 2ND Fl., DALLAS TEXAS 75251.

6.      Defendant ELAP SERVICES, LLC ("Defendant ELAP") is a limited liability company organized under the laws of the state of Delaware, with its principal office in Wayne, Pennsylvania. It can be served with process by causing a copy of this *Original Complaint* and citation of suit to be served upon its registered agent for service of process in Texas, CORPORATION SERVICE COMPANY d/b/a CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218.

## JURISDICTION

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the Constitution, laws, or treaties of the United States, specifically, the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.*

## VENUE

8.      Venue is proper in this District because it is the district where the breach took place. *See* 29 U.S.C. § 1132(e)(2). More particularly, benefits were to be paid and received in this District, but because of Defendants' wrongful acts and omissions as set forth below, were not. Venue is also proper in this District because it is a district where a Defendant may be found. *See id.*

## FACTS

9.      Plaintiff Cindy Skogen is an employee of Defendant RFJ at a Chrysler Dealership owned by that company in the City of Bonham, which is in Fannin County, Texas.

10.     Mrs. Skogen is married to Plaintiff John Skogen. Mr. Skogen owns his own business doing roadside repairs to broken-down tractor-trailers.

11.     Mrs. Skogen is a participant and Mr. Skogen is a beneficiary under Defendant RFJ's "DFW Cost Plus" benefits plan ("the Plan"), which is a self-funded ERISA plan that provides for eighty percent (80%) of the costs of beneficiaries' medical treatment. Defendant RFJ is the Plan Administrator and a Named Fiduciary under the Plan.

12.     On or about June 28, 2016, Mr. Skogen was driving his personal pickup truck into town on a personal errand for his children when one of his truck tires slipped off the paved portion of the road upon which he was traveling. The pickup flipped, and Mr. Skogen was rendered tetraplegic as a result.

13.     As a result of the wreck, Mr. and Mrs. Skogen incurred significant medical bills for Mr. Skogen's treatment, which Mr. Skogen's providers submitted to the Plan.

14.     Defendant GPA was the Claims Administrator for the Plan. According to the Plan, Defendant RFJ also had a Designated Decision Maker ("DDM") who made claims decisions, in an apparent attempt to insulate Defendants RFJ and GPA from liability for claims decisions.

15.     According to the Plan, Defendant RFJ allocated "certain Fiduciary responsibility" to the DDM, which was Defendant ELAP, a company based in Wayne, Pennsylvania.

16.     However, and upon information and belief, Defendant ELAP was not the primary decisionmaker in connection with Plaintiffs' claim. Instead, substantially all communication with Plaintiffs, as well as the investigation, the adjusting, and the claims decisions appear to have been made by and occurred with Defendant GPA in Dallas. Thus, GPA appears to have assumed fiduciary responsibilities by exercising actual control and discretion over claims decisions.

17.     Pleading now in the alternative, Plaintiffs would show that Defendants RFJ, GPA, and ELAP jointly made the decisions on Plaintiffs' claims.

18.     In any event, on or about August 17, 2016, Defendants sent a letter informing Plaintiffs for the first time that the Claims Administrator had denied Plaintiffs' claim for benefits.

19.     As justification for denying Plaintiffs' claim, Defendants falsely and against all evidence claimed that Mr. Skogen was employed in a private business venture at the time of his injury and therefore coverage was excluded under the "Occupational" provision of the Plan. That provision states that the Plan does not provide coverage for:

> **Occupational.** Charges arising out of or in the course of any occupation for wage or profit, whether or not the Covered Person is entitled to benefits under any Workers' Compensation or Occupational Disease Law, or any such similar law.

20.     Mr. Skogen's injury was **_not_** sustained either "arising out of" or "in the course of" his occupation. Instead, as stated above, he was on his way into town on a personal errand for his children when he was injured. Consequently, under Texas law, his injury did not "arise out of" or occur "in the course of" his work, and the Plan Administrators and fiduciaries' decision to deny benefits was without any rational connection between the known facts and the decision.

21.     Mrs. Skogen repeatedly tried to explain to Defendants that Mr. Skogen's injury did not arise out of or in the course of his occupation. However, her claim and subsequent three (3) appeals were all denied. Finally, on May 22, 2017, she was told that her case was closed and denied, and was instructed to refer any further appeals to her Human Resources department.

22.     Throughout the claims process, and in the Plan itself, Defendants tried to obfuscate which of them were the actual administrator(s) and fiduciary(ies) of the Plan. For example:

- The Plan states that Defendant RFJ is the Plan Administrator and Named Fiduciary for purposes of applying the provisions of ERISA to the Plan. To the extent that this statement in the Plan is true, Defendant RFJ, as both the Plan Administrator and Insurer, had a conflict of interest in its decision to deny Plaintiffs' benefits.

- However, the Plan also states that Defendant RFJ has delegated "certain fiduciary responsibilities" to Defendant ELAP. Which fiduciary responsibilities it has delegated is unclear. Yet part of ELAP's responsibility, according to the Plan, is administration over hospital bills. This would mean that ELAP would have at least partial involvement in Plaintiffs' claim decision.

- But it appears that ELAP did not have primary responsibility for Plaintiffs' claim decision. Instead, all contact Plaintiffs had during the claims process was with Defendant GPA. More particularly, Plaintiffs spoke with, submitted materials to, and were interviewed by, GPA representatives. Requests for more information and denial letters also came from GPA. Although the Plan refers to GPA as merely the Claims Administrator, it appears that GPA had actual control and discretion over the investigation of Plaintiffs' claim and in deciding whether to accept or deny Plaintiffs' claims for benefits. This would make Defendant GPA an ERISA fiduciary under the Plan.

23.     Thus, there is some evidence that each of the non-Plan Defendants could have or did participate in the decision to deny Plaintiffs' claim. Plaintiffs will not be able to determine the full and precise truth until after conducting discovery on their claims.

24.     Regardless, as set forth above, the denial of Plaintiffs' claim for benefits under the Plan was arbitrary and capricious, and without any regard to applicable law or to the facts available to the Plan Administrator, fiduciaries, and/or decisionmakers. Consequently, the denial of Plaintiffs' claim for benefits violated their rights under ERISA, for which Plaintiffs claim herein.

## COUNT I:  ACTION FOR WRONGFULLY DENIED PLAN BENEFITS
## <u>UNDER ERISA § 502(a)(1)(B)</u>

25.     Paragraphs 1-24 are incorporated here by reference as if fully set forth, *verbatim*.

26.     Section 502(a)(1)(B) of ERISA authorizes a participant or a beneficiary of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce his rights under the plan, and to clarify his rights to future benefits under the plan. 29 U.S.C. § 1132(a)(1)(B).

27.     Plaintiffs are entitled to benefits—specifically, the cost of extensive medical treatment—under the Plan which Defendants have failed to pay in accordance with the terms of the Plan. Plaintiffs properly made a claim for those benefits and complied with all procedural requirements to obtain the benefits to which they were entitled, including fully exhausting their administrative remedies under the terms of the Plan. In response, Defendants wrongfully and without legal justification denied Plaintiffs the benefits owed under the Plan. Therefore, Plaintiffs seek to enforce their rights, to recover benefits due under the terms of the plan, and, accordingly, request the Court enter an order establishing their rights to past and future benefits.

## COUNT II:  ATTORNEYS' FEES AND COSTS
## <u>UNDER ERISA  §  502(g)</u>

28.     Paragraphs 1-27 are incorporated here by reference as if fully set forth, *verbatim*.

29.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been forced to retain the undersigned law firm, and have incurred attorneys' fees, which they are allowed by law to recover. *See* 29 U. S. C. § 1132(g)(1), (2). Accordingly, Plaintiffs seek recovery of their reasonable and necessary attorneys' fees incurred in pursuit of their rights herein.

## DAMAGES

30.     As a direct, proximate, and actual result of the Defendants' wrongful denial of benefits and other misconduct, Plaintiffs have suffered injuries and damages for which Defendants are liable. Plaintiffs seek all damages and remedies allowed by law, including, but not limited, to:

(a)     All monetary and non-monetary benefits due under the policy;

(b)     Alternatively, equitable relief in the form of an order remanding this case to the Plan Administrator with instructions that it follow the appropriate legal standards and determine the amount of benefits payable to Plaintiffs;

(c)     Other such appropriate equitable relief that the Court deems appropriate;

(c)     Reasonable and necessary attorneys' fees;

(d)     pre-and post-judgment interest at the highest rates allowed by law; *and*

(e)     court costs in a final amount yet to be determined.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs JOHN AND CINDY SKOGEN pray that the Defendants named herein be cited to appear and answer, and that judgment be entered in favor of Plaintiffs and against Defendants for all of Plaintiffs' justly-entitled benefits, equitable relief claimed herein, reasonable and necessary attorneys' fees, and that Plaintiffs recover their costs of court and pre- and post-judgment interest at the highest rates allowed by law. Plaintiffs also request all other relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By:  */s/ Benjamin C. Yelverton*
       **BENJAMIN C. YELVERTON**
       State Bar No. 24084132
       E-mail: yelverton@scanesrouth.com
       **TYLER B. TALBERT**
       State Bar No. 24088501
       E-mail: tablert@scanesrouth.com
       **SCANES & ROUTH, LLP**
       7901 Fish Pond Road, Suite 200
       P. O. Box 20965
       Waco, Texas 76702-0965
       (254) 399-8788
       (254) 399-8780 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**
**JOHN AND CINDY SKOGEN**