IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN AND CINDY SKOGEN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:19-cv-585 |
| | § | Jury Demanded |
| RFJ AUTO GROUP, INC. EMPLOYEE | § | |
| BENEFIT PLAN, RFJ AUTO GROUP, | § | |
| INC., GROUP & PENSION | § | |
| ADMINISTRATORS, INC., AND ELAP | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT RFJ AUTO GROUP, INC. EMPLOYEE BENEFIT PLAN AND RFJ AUTO GROUP, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, RFJ Auto Group, Inc. Employee Benefit Plan and RFJ Auto Group, Inc. (collectively, "RFJ"), file this Answer to Plaintiff's Complaint and in support thereof would show the Court as follows:

**ANSWER**

1. RFJ lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. RFJ lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. RFJ admits the allegations in Paragraph 3 of the Complaint.

4. RFJ admits the allegations in Paragraph 4 of the Complaint.

5. RFJ lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. RFJ lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. RFJ admits the allegations in Paragraph 7 of the Complaint.

8. RFJ admits that venue is proper in this District. RFJ denies the remaining allegations in Paragraph 8 of the Complaint.

9. RFJ admits the allegations in Paragraph 9 of the Complaint.

10. RFJ lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. RFJ admits the allegations in Paragraph 11 of the Complaint.

12. RFJ denies the allegations in Paragraph 12 of the Complaint.

13. RFJ admits the allegations in Paragraph 13 of the Complaint.

14. RFJ denies the allegations in Paragraph 14 of the Complaint as they pertain to RFJ.

15. RFJ admits the allegations in Paragraph 15 of the Complaint.

16. RFJ denies the allegations in Paragraph 16 of the Complaint.

17. RFJ denies the allegations in Paragraph 17 of the Complaint.

18. RFJ denies the allegations in Paragraph 18 of the Complaint.

19. RFJ denies the allegations in Paragraph 19 of the Complaint.

20. RFJ denies the allegations in Paragraph 20 of the Complaint.

21. RFJ denies the allegations in Paragraph 21 of the Complaint.

22. RFJ denies the allegations in Paragraph 22 of the Complaint.

23. RFJ denies the allegations in Paragraph 23 of the Complaint.

24. RFJ denies the allegations in Paragraph 24 of the Complaint.

25. RFJ is not required to admit or deny the allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint are legal conclusions which RFJ is not required to admit or deny.

27. RFJ denies the allegations in Paragraph 27 of the Complaint.

28. RFJ is not required to admit or deny the allegations in Paragraph 28 of the Complaint.

29. RFJ denies the allegations in Paragraph 29 of the Complaint.

30. RFJ denies the allegations in Paragraph 30 of the Complaint.

31. RFJ denies the allegations and the request for relief contained in the "Prayer" of the Complaint.

## AFFIRMATIVE DEFENSES

32. For further answer, RFJ states that Plaintiff's claims are barred by the statute of limitations.

33. For further answer, RFJ states that its interpretation and application of the plan's terms was reasonable and within its discretion.

34. RFJ reserves the right to assert any additional defenses that may become known throughout the course of litigation.

## PRAYER

For these reasons, Defendants, RFJ Auto Group, Inc. Employee Benefit Plan and RFJ Auto Group, Inc., pray that Plaintiffs, John and Cindy Skogen, take nothing by way of their claims against Defendants and for such other and further relief to which Defendants may be entitled.

Respectfully Submitted,

  /s/ *Amber H. Crosby*
Donald W. Gould, II
Texas State Bar No. 08234250
dgould@jdkglaw.com
Amber H. Crosby
Texas State Bar No. 24103158
acrosby@jdkglaw.com

**ATTORNEYS FOR DEFENDANTS, RFJ AUTO GROUP INC. EMPLOYEE BENEFIT PLAN AND RFJ AUTO GROUP, INC.**

OF COUNSEL:

JOHNSON DELUCA KURISKY & GOULD, P.C.
4 Houston Center
1221 Lamar St., Suite 1000
Houston, TX 77010
(713) 652-2525 – Telephone
(713) 652-5130 - Facsimile

**ATTORNEYS FOR DEFENDANTS, RFJ AUTO GROUP INC. EMPLOYEE BENEFIT PLAN AND RFJ AUTO GROUP, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2019 a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, as shown below:

***Via CM/ECF*:**
Benjamin C. Yelverton
Tyler B. Talbert
Scanes & Routh, LLP
7901 Fish Pond Road, Suite 200
Waco, Texas 76702

*Attorneys for Plaintiffs*

              /s/ *Amber H. Crosby*
              Amber H. Crosby