## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN AND CINDY SKOGEN,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:19-cv-585-SDJ-KPJ** |
| | § | |
| **RFJ AUTO GROUP, INC. EMPLOYEE** | § | |
| **BENEFIT PLAN, RFJ AUTO GROUP, INC.,** | § | |
| **GROUP & PENSION ADMINISTRATORS,** | § | |
| **INC., and ELAP SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The parties notified the Court of a discovery dispute wherein Plaintiffs dispute Defendant Group & Pension Administrators, Inc.'s ("GPA") claim that certain emails and call logs, spanning the dates of January 13, 2017, through February 7, 2017 (the "Disputed Documents"), are work-product, and thus, not discoverable. The Court held a hearing on the issue on August 12, 2020 (the "Hearing"). *See* Dkt. 35. On August 13, 2020, Defendant GPA submitted the Disputed Documents to the Court pursuant to the Court's directive, along with a highlighted case Plaintiffs referenced at the Hearing and summary briefing regarding the same. On August 14, 2020, Plaintiffs submitted a letter brief in response. Upon consideration of the applicable authorities, arguments asserted at the Hearing and subsequent letter briefs, and the Court's *in camera* review of the Disputed Documents, the Court is of the opinion that the Disputed Documents are not work-product, and thus, should be produced in an unredacted form to Plaintiffs.

## I.      LEGAL STANDARD

The work-product doctrine, codified in Rule 26(b)(3) of the Federal Rules of Civil

Procedure, states:

> A.  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But subject to Rule 26(b)(4), those materials may be discovered if:
>
>   (i)   they are otherwise discoverable under Rule 26(b)(1); and
>
>   (ii)  the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A); *see also Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th

Cir. 1991); *Nance v. Thompson Med. Co.*, 173 F.R.D. 178, 181 (E.D. Tex. 1997). Essentially, the

work-product doctrine protects documents and other tangible things prepared by a party or

representative of a party in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495 (1947);

*Thomas v. General Motors Corp.*, 174 F.R.D. 386, 388 (E.D. Tex. 1997). As set forth in the

advisory committee notes to Rule 26(b)(3), "[m]aterials assembled in the ordinary course of

business, or pursuant to public requirements unrelated to litigation . . ." are excluded from work

product materials. *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982); *Pacamor Bearings,*

*Inc. v. Minebea Co., Ltd.*, 918 F.Supp. 491, 512–13 (D. N.H. 1996). "This is true 'even if the party

is aware that the document may also be useful in the event of litigation.'" *Pacamor Bearings*, 918

F.Supp. at 513 (internal quotations omitted).

"[D]etermining whether a document is prepared in anticipation of litigation can be a

slippery task." *El Paso*, 682 F.2d at 542. The general rule is that "litigation need not be

imminent . . . as long as the primary motivating purpose behind the creation of the document was

to aid in possible future litigation." *Id.* (quoting *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981)).

> Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance. . . . If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation.

*Elec. Data Sys. Corp. v. Steingruber*, No. 4:02-cv-225, 2003 WL 21653414, at \*5 (E.D. Tex. July 9, 2003) (citing *Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825 at \*2 (E.D. La. Aug. 11, 2000)). "If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation." *Id*.

The protection offered by the work-product doctrine is not absolute. *See Conoco Inc. v. Boh Bros. Const. Co.*, 191 F.R.D. 107, 118 (W.D. La. 1998). Documents determined to be work-product may still be subject to disclosure in discovery under certain circumstances. *See id*. The party seeking production of the document otherwise protected by the work product doctrine bears the burden of establishing that the materials should be disclosed. *See Hodges, Grant, & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985); *Varel v. Banc One Capital Partners, Inc.*, No. CA3:93-cv-1614-R, 1997 WL 86457, \*2 (N.D. Tex. Feb. 25, 1997). The burden on the party seeking production varies with respect to the nature of the work product sought. *See Conoco*, 191 F.R.D. at 118.

## II.    ANALYSIS

The case before the Court is an action for benefits under an employee benefit plan subject to the regulations of ERISA. In the instant dispute, Defendant GPA claims the Disputed

Documents, consisting of certain emails and call logs, spanning the dates of January 13, 2017, through February 7, 2017, were made in anticipation of litigation, and thus, are shielded by the work product doctrine. Plaintiffs contend the Disputed Documents were made by Defendant GPA in the ordinary course of business in considering Plaintiffs' claims pursuant to the employee benefit plan rather than in anticipation of litigation. Hence, the threshold determination before the Court is whether the Disputed Documents were prepared in anticipation of litigation.

At the Hearing and in subsequent letter briefing, the parties cited and discussed *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, No. H-11-3061, 2013 WL 6002166,  at *1 (S.D. Tex. Nov. 12, 2013). *OneBeacon* concerned a discovery dispute in an insurance context between the requesting party, the Welch Litigants, and an insurance company, OneBeacon, who claimed its notes were protected under the attorney-client and work-product privileges, as it was investigating claims "related to the rendition of legal services." *Id*. The court ordered the parties to brief the issue regarding when OneBeacon reasonably anticipated litigation. *See id*. OneBeacon argued that it immediately anticipated litigation upon receipt of a *Stowers* demand. *See id.* at *2. Welch argued the requested documents were not privileged even if they were prepared by attorneys involved in the investigation because they were prepared in the ordinary course of OneBeacon's insurance business. *See id*.

The *OneBeacon* court reasoned the main issue before it was whether the material at issue, which was made with outside counsel related to insurance coverage, was privileged or whether OneBeacon's counsel was "merely performing the ordinary business functions of an insurance company." 2013 WL 6002166,  at *4. As the court explained, "[t]o the extent [an] attorney acted as a claims adjuster, claims process supervisor, or claim investigation monitor, and not as a legal advisor, the attorney-client privilege would not apply." *Id.* (quoting *Harper v. Auto–Owners Ins.*

*Co.*, 138 F.R.D. 655, 671 (S.D. Ind. 1991)). Additionally, "[d]ocuments created by an insurer or its representative tend not to be protected by the work product doctrine if they were prepared as a 'more or less routine investigation of a possibly resistible claim.'" *Id.* (quoting *Kan. City S. Ry. Co. v. Nichols Constr. Co., L.L.C.*, Nos. 05–1182, 05–5220, 05–4653, 2007 WL 2461014, at *5 (E.D. La. Aug. 27, 2007) (internal citations omitted)). Hence, the court found that the key question in deciding the issue was when did OneBeacon shift from mere investigation to anticipating litigation. *See id.* The court noted that, "often the date an insurer anticipates litigation is the date that it denies coverage, [but] a bright-line rule is inappropriate." *Id.* at 5 (citing *Stout v. Ill. Farmers Ins. Co.*, 852 F.Supp. 704, 707 (S.D. Ind. 1994) ("Any bright-line rule would only encourage parties to manipulate the privilege.")). The court found that, taken together—OneBeacon's shift to referring the matter to outside counsel, the contents of the *Stowers* demand, along with the claims at issue in the litigation—it was reasonable to believe OneBeacon referred the matter to outside counsel in anticipation of litigation; hence, communications thereafter with outside counsel were made in anticipation of litigation. *See id.* at 6.

Here, the matter was not referred to outside counsel, but rather, GPA's general counsel, J.W. Dewbre, became involved in advance of the denial or rejection of Plaintiff John Skogen's claims made pursuant to the employee benefit plan. This matter more closely resembles a case distinguished by the *OneBeacon* court, *Lanelogic Inc. v. Great Am. Spirit Ins. Co.*, No. 3-08-CV-1164-BD, 2010 WL 1839294 (N.D. Tex. May 6, 2010). In *Lanelogic*, the court found that an insurance company was required to produce documents where the insurance company could not point to a "definite shift from acting in its ordinary course of business to acting in anticipation of litigation." *See Lanelogic*, 2010 WL 1839294, at *5. In so finding, the *Lanelogic* court observed, "[C]ourts have routinely recognized that the investigation and evaluation of claims is part of the

regular, ordinary, and principal business of insurance companies." *Id.* (quoting *Douga v. D & A Boat Rentals, Inc.*, No. Civ. A. 04-1642, 2007 WL 1428678, at \*4 (W.D. La. May 10, 2007)).

Having reviewed the Disputed Documents *in camera*, the communications and call log at issue do not point to a definite shift from acting in GPA's ordinary course of business. Rather, the emails at issue discuss the investigation, evaluation, denial, and status of Plaintiff John Skogen's claims—nothing beyond the ordinary course of business of an insurance company. Accordingly, the work-product doctrine does not apply to the Disputed Documents.

### III.    CONCLUSION

For the foregoing reasons, the Court finds that the work-product doctrine does not apply to the Disputed Documents.

GPA is, therefore, **ORDERED** to produce to Plaintiffs unredacted copies of the Disputed Documents, spanning from January 13, 2017, through February 7, 2017, no later than 5:00 p.m. on August 28, 2020.

**So ORDERED and SIGNED this 26th day of August, 2020.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE