IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN AND CINDY SKOGEN,<br><br>　　Plaintiffs,<br><br>v.<br><br>RFJ AUTO GROUP, INC. EMPLOYEE<br>BENEFIT PLAN, RFJ AUTO GROUP, INC.<br>GROUP & PENSION ADMINISTRATIONS,<br>INC., and ELAP SERVICES, LLC,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§　Civil Action No.: 4:19-cv-585-SDJ-KPJ<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is John and Cindy Skogen's ("Plaintiffs") Opposed Motion for Leave to File Second Amended Complaint (the "Motion") (Dkt. 39), to which Defendant Group & Pension Administrators, Inc. ("GPA") filed a response (Dkt. 47), Defendants RFJ Auto Group, Inc. Employee Benefit Plan and RFJ Auto Group Inc.[1] filed a response (Dkt. 48), and Plaintiffs filed a reply (Dkt. 49). The Court held a hearing regarding the Motion on October 8, 2020 (the "Hearing"). *See* Dkt. 51.

In the Motion, Plaintiffs request leave to amend their First Amended Complaint. *See* Dkt. 39. Defendants contend there is not good cause to amend, Plaintiffs have demonstrated undue delay, the proposed amendment is futile, and amendment would prejudice Defendants. *See* Dkts. 47 at 2, 48 at 2.

---

[1] Group & Pension Administrators, Inc., RFJ Auto Group, Inc. Employee Benefit Plan, and RFJ Auto Group Inc., are collectively referenced herein as "Defendants." The Court will consider the arguments made by Defendants together in deciding the Motion.

## I. BACKGROUND

Plaintiffs filed their Complaint on August 2, 2019. *See* Dkt. 1. The deadline for Plaintiffs to file amended pleadings was April 3, 2020. *See* Dkt. 16. On April 3, 2020, Plaintiffs filed a request for leave to file a First Amended Complaint (Dkt. 19), which was granted by the Court. *See* Dkt. 25. Plaintiff filed the present Motion on September 9, 2020. *See* Dkt. 39.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs the modification of a scheduling order once a scheduling order has been issued by the court. Such modification is permissible "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters. V. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, the Court considers four factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536. "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

### III.     ANALYSIS

#### A.  OBJECTIONS TO EVIDENCE

Plaintiffs object to evidence attached to Defendants' responses. *See* Dkt. 49 at 1. Plaintiffs argue the documents are hearsay and unauthenticated, seeking to require the Court to make "specific rulings about what evidence was properly before the Claims Administrator in this Case, as well as what evidence is and is not appropriate for the Court to consider in adjudicating whether the Claims Administrator's decision to deny coverage was proper." Dkt. 49 at 1. Plaintiffs do not provide specific objections to the evidence. Moreover, the Court will not make any specific rulings regarding the evidence in deciding the Motion. The objections are, therefore, **OVERRULED**.

#### B.  GOOD CAUSE

##### 1.  Timeliness

Plaintiffs present two reasons for the failure to timely file a request for leave to amend. First, Plaintiffs contend that at John Skogen's deposition on July 17, 2020, he offered a different explanation for some of the allegations in the First Amended Complaint. *See* Dkt. 39 at 2. Defendants contend there is no legitimate explanation for delay. *See* Dkt. 47 at 4; Dkt. 48 at 6.

Plaintiffs' counsel does not provide adequate reasoning for having failed to communicate with their own client to obtain his recitation of the allegations in this case, and note that, until April of 2020, Cindy Skogen, John Skogen's wife, had been their point of contact. *See id*. At the Hearing, Plaintiffs' counsel described that the Skogens had experienced difficulties discussing the incident at issue due to the trauma of the accident.

Second, Plaintiffs highlight that a portion of their proposed amendment relates to information learned at the deposition of GPA's Corporate Representative on August 26, 2020. *See* Dkt. 39 at 2. On the basis of the information obtained in the Corporate Representative's deposition,

Plaintiffs sought leave to amend two weeks later, adding a new argument of waiver and/or estoppel based on the testimony. *See* Dkt. 39-2 at 7. Defendants argue the new allegations were long known to Plaintiffs, specifically Defendants' decision to retract payments and the re-insurer's involvement that allegedly caused Defendants to retract the payments. *See* Dkt. 47 at 5. Defendants cite an email produced in discovery in which a representative for the re-insurer appears to ask how GPA has ruled out the "Occupational Exclusion." Dkt. 47-5 at 1. Plaintiff distinguishes that the Corporate Representative's deposition was the first time that GPA had, for a time, taken the position that the Occupational Exclusion did not apply, and that GPA paid Plaintiffs' claims for several months before subsequently denying them at the re-insurer's request *See* Dkt. 49 at 3. There is a meaningful distinction between possible conclusions drawn from a disclosed email and testimony of the actual position taken by GPA and the reasoning for a decision made by GPA. Thus, Plaintiffs provide adequate reasoning for the late date of the request for leave regarding information disclosed at the GPA Corporate Representative's deposition, but not with regard to information learned from the deposition of Plaintiff John Skogen.

### 2. **Importance of the Amendment**

In the Motion, Plaintiffs do not discuss the importance of the amendment beyond arguing that it will "aid the Parties to fully prepare to try the issues in this Case and to narrow the issues for any dispositive motions," as well as "aid in the efficient administration of justice." Dkt. 39 at 2. Defendants argue the amendment adds contradictory accounts of the incident at issue. *See* Dkt. 47 at 6. Defendants also argue the amendment is futile because it includes information outside of the administrative record. *See* Dkt. 48 at 3–5. None of the parties discuss the inherent importance of an included argument for waiver. Defendants do note, however, that the proposed amendment is prejudicial because it seeks to insert allegations of "willfulness." *See* Dkt. 47 at 8. The Court

4

concludes that the Amendment is of some importance not only because it introduces legal theories, but also because it contains recitation of the allegations made by Plaintiff John Skogen—the injured driver in the underlying incident.

### 3. Prejudice

Though Plaintiffs argue there is no prejudice in allowing the amendment, the presence of prejudice is undeniable. To the extent a new allegation of willfulness and waiver are included in the pleadings, Defendants may need to seek additional discovery. Additionally, Defendants have already filed dispositive motions for summary judgment based on the First Amended Complaint. *See* Dkts. 42, 46. Allowing amendment will likely require more than a simple refiling of the dispositive motions, namely, potential expenses of additional research and drafting, as well as a loss of time.

### 4. Possibility for Continuance

Even though there is inherent prejudice in granting leave to amend, there is ample time available for a continuance to cure the prejudice of time. Pretrial in this matter is set for January 27, 2021, more than three months from now. *See* Dkt. 32 at 3. Hence, the Court finds that the prejudice Defendants experience will be of a nature that can be cured largely by Court order extending deadlines.

Overall, Plaintiffs' demonstration of good cause to amend is weak with regard to additional allegations by John Skogen. However, given the fact that the proposed amendment does include new allegations and theories related to information learned at a late deposition of GPA's Corporate Representative, Plaintiffs filed the present Motion only two weeks after that deposition, and the availability of relief to cure the prejudice experienced by Defendants, the Court finds there is good cause to grant leave to amend.

### C. JUSTICE SO REQUIRES

Having found the presence of good cause, the Court should freely give leave "when justice so requires." FED. R. CIV. P. 15(a)(2). Here, Plaintiffs appear to not have been adequately represented and communicated with by counsel such that the live pleading communicated their allegations regarding the incident at issue. There is no evidence that Plaintiffs themselves were aware of the concerns of two separate recitations of the facts for assertion of their claims and, at the Hearing, Plaintiffs' counsel's explanation that the Skogens had not fully discussed the incident at issue because of the traumatic nature of the incident is indicative of clients who are not aware of the need for counsel to speak directly with John Skogen. At the Hearing, Plaintiffs' counsel accepted responsibility for failing to discuss certain issues with John Skogen which form part of the basis for the present Motion.

Additionally, with regards to the information obtained in the Corporate Representative's deposition, the Court notes that the delay of the Corporate Representative's deposition to late August 2020, involved a discovery dispute regarding Defendants' improper redaction of documents. *See* Dkts. 35, 36, 37, 38. Further, the Court notes that depositions and discovery deadlines throughout 2020 have been routinely delayed due to the COVID-19 pandemic. As such, the Court finds that a full, proper adjudication of Plaintiffs' claims requires a degree of leniency in this specific instance. Justice requires that the Motion be granted, though the Court cautions Plaintiffs' counsel that the Court will not tolerate further issues regarding failure to communicate with their own clients.

### IV. CONCLUSION

For the reasons stated herein, John and Cindy Skogen's Opposed Motion for Leave to File Second Amended Complaint (Dkt. 39) is hereby **GRANTED**.

The Second Amended Complaint (Dkt. 40) is, therefore, deemed filed and the live pleading in this matter.

Additionally, Defendant Group & Pension Administrators, Inc.'s Motion for Summary Judgment (Dkt. 42) is **DENIED AS MOOT**, and Defendant RFJ Auto Group, Inc.'s Motion for Summary Judgment (Dkt. 46) is **DENIED AS MOOT**. The Court will address dispositive motions only as to the live pleadings.

Finally, the parties are **ORDERED** to file a joint motion for entry of an amended scheduling order on or before seven (7) days from the date of issuance of this Order.

**So ORDERED and SIGNED this 13th day of October, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE